## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

GAV CONSERVATION MANAGEMENT LLC,

        Plaintiff,

    v.

TAV HOLDINGS, INC.,

        Defendant.

No. 2022cv10838

## COMPLAINT

Plaintiff, GAV Conservation Management LLC, through its counsel, Taft Stettinius & Hollister LLP, for its Complaint against Defendant, TAV Holdings, Inc., alleges:

1.    TAV Holdings, Inc. contracted with GAV Conservation Management, LLC to provide services in exchange for three payments of $88,500.00 each, plus reimbursement of its out-of-pocket expenses.  GAV Conservation Management, LLC fully performed its obligations under the contract.  TAV Holdings, Inc., however, failed to pay the second and third payments or any of the out-of-pocket expenses.  This is an action to collect those overdue amounts.

## PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff, GAV Conservation Management, LLC ("GAV"), is a limited liability company organized under the laws of Delaware with its offices and principal place of business in New York, New York.  GAV has ten members, nine of whom are individuals.  These nine individuals are citizens of the States of California, Illinois, Texas, and New York; the Territory of Puerto Rico; and countries of the United Kingdom, the United Arab Emirates, France, and Canada. GAV's final member is the Nembeza Wildlife Foundation, a not-for-profit organization organized under the laws of Illinois with its offices and principal place of business in Chicago, Illinois.

3.      GAV partners with the world's top ranked universities to focus on solutions to specific environmental problems by developing technologies to generate ecological benefit and a measurable return on investment for its stakeholders.

4.      Defendant, TAV Holdings, Inc. ("TAV") is a corporation incorporated under the laws of Georgia with its offices and has its principal place of business in Atlanta, Georgia.

5.      Upon information and belief, TAV develops technology solutions for and/or directly processes waste and recycling materials.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(a)(2), in that GAV's members and TAV are all citizens of different states or foreign states such that there is complete diversity, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the wrongful acts complained of herein arise out of, and are related to, the business that TAV transacted in the District and the acts it has committed within this District. Further, the contract at issue was entered, at least in part, in this District.

## FACTS

8.      In or around July 8, 2022, GAV and TAV entered into an Engagement Agreement (the "Agreement") whereby GAV agreed to act as TAV's carbon sequestration and monetization advisor by providing certain deliverables in connection with, among other things: (i) providing advisory services for the potential monetization of commodities, including carbon credit assets; (ii) providing a "go-to-market" strategic plan to certify and secure carbon credits from current and future activities; (iii) identifying potential partner relationships with waste management solution providers to scale; and (iv) providing advisory services for the development of a Carbon Credit Certification Platform (together, the "Services").

2

9.      A true and accurate copy of the Agreement is attached hereto as **Exhibit 1**.

10.      In return for the Services, TAV agreed to compensate GAV in the aggregate amount of $265,500.00 over the course of three installments: (i) $88,500.00 to be paid to GAV at the time of execution of the Agreement; (ii) $88,500.00 to be paid to GAV within thirty days of the execution of the Agreement; and (iii) $85,500.00 to be paid to GAV within sixty days of the execution of the Agreement.

11.      TAV further agreed to reimburse GAV for "all reasonable out-of-pocket expenses specifically incurred in connection with this Assignment. . . ." *See* Ex. 1 § 4.D.

12.      TAV remitted its first installment payment to GAV in the amount of $88,500.00 pursuant to the terms of the Agreement.

13.      Pursuant to the Agreement, GAV provided the Services to TAV.

14.      GAV has fully performed its obligations under the Agreement.

15.      GAV incurred at least $8,539.90 in out-of-pocket expenses in connection with providing the Services.  TAV has not reimbursed GAV for such expenses.

16.      TAV has failed or otherwise refused to remit the remaining installment payments due and owing to GAV.

17.      TAV's failure to pay the remaining installment payments and failure to reimburse GAV's out-of-pocket expenses are breaches of the Agreement.

18.      In early December 2022, long after the second and third installment payments were due, TAV made a small partial payment of $25,000.00.  TAV has made no further payments.  As of the time of the filing of this Complaint, TAV has only paid $113,500.00 of the $265,500.00 in overdue payments and reimbursed none of GAV's out-of-pocket expenses.

19.      The remaining installment payments are in a liquidated amount totaling $152,000.  Thus, GAV is entitled to pre-judgment interest on this amount.

20.     Pursuant to the Agreement, and in the event it prevails, GAV is entitled to recover its reasonable attorney fees and other expenses incurred in bringing this action for breach of the Agreement.  *See* Ex. 1 § 7.C.

## COUNT I
### Breach of the Agreement

21.     GAV incorporates all allegations set forth in Paragraphs 1 through 20 above as if fully set forth herein.

22.     GAV brings this action to recover damages caused by TAV's breach of the Agreement.

23.     The Agreement is a valid and enforceable contract that is binding upon TAV.

24.     GAV performed all of its obligations under the Agreement.

25.     TAV breached the Agreement by failing to timely pay GAV the remaining two installment payments owed pursuant to the Agreement and failing to reimburse GAV for its out-of-pocket expenses.

26.     As a direct and proximate cause of TAV's material breaches of the Agreement, GAV has been damaged.

27.     Due to TAV's breaches of the Agreement, GAV is entitled to recover the aggregate amount of at least $160,539.90 in damages, plus interest and its reasonable attorney fees and other expenses incurred in bringing this action.

WHEREFORE, Plaintiff, GAV, respectfully prays that this Court enter an Order awarding the following relief:

A.   A judgment for compensatory damages against TAV, for all amounts due and owing to GAV pursuant to the Agreement;

B.   An award of pre- and post-judgment interest on the unpaid amounts;

4

C.  An award of reasonable attorney fees, expenses, and costs against TAV; and

D.  Such other and further relief as the Court deems just and proper.


DATED:        December 22, 2022              Respectfully submitted,


                                             By: *s/ Philip Y. Kouyoumdjian*
                                                 One of Its Attorneys

Ian H. Fisher (*pro hac vice* to be filed)   Philip Y. Kouyoumdjian
ifisher@taftlaw.com                          pkouyoumdjian@taftlaw.com
Nicollette L. Khuans (*pro hac vice* to be filed)   Taft Stettinius & Hollister LLP
nkhuans@taftlaw.com                          350 Hartford Road
Taft Stettinius & Hollister LLP              South Orange, NJ 07079
111 E. Wacker Dr., Suite 2600                Telephone: (917) 755-5294
Chicago, Illinois 60601
Telephone: (312) 527 - 4000